UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY BRANHAM,

        Petitioner,

v.                                         Case No. 2:03-cv-222
                                             HON. RICHARD ALAN ENSLEN

PATRICIA CARUSO,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Rodney Branham filed this petition for writ of habeas corpus challenging the validity of his state court jury conviction for first degree home invasion and felonious assault. Petitioner was convicted of both offenses by a jury on November 21, 2001, and on December 10, 2001, was sentenced to prison terms of twenty to forty years and forty three months to eight years, respectively.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I.  Denial of an open hearing.

II.  Prosecutorial misconduct.

III.  Ineffective assistance of counsel.

IV.  Unlawful Sentence

V.  Denial of Speedy Trial.

VI.  Denial of appeal.[1]

In addition the respondent has briefed the following issues:

I.   Defendant's statutory, state and federal constitutional rights to either be indicted or have a preliminary exam on home invasion were violated where he was not offered an exam and where he never waived his right to a preliminary exam or indictment.

II.  Defendant's state and federal constitutional rights under the U.S. Const. Am. VI and Const. 1963 art 1 § 13 were violated where defendant informed the court repeatedly orally and in writing of his demand to self represent yet this request was ignored or denied.

III.  Defendant's state and federal rights to due process and jury trial were denied when the trial court refused a defense request for a jury instruction on a lesser-included offense of breaking and entering without permission.

IV.  Defendant's state and federal constitutional rights to effective assistance of counsel were violated where his trial attorney apparently stipulated to permit a new felony count to be added 13 months after the preliminary exam, and by his failure to present evidence.

V.  Defendant's state and federal constitutional rights to due process were violated where the trial judge was told by the defendant prior to sentence that he objected to the scoring, yet no inquiry was made by

---

[1] These six issues are framed in the form petition under section 14, and addressed by petitioner in his motion for summary judgment.

>the judge as to what guideline sections were mis-scored and no ruling
>was made on defendant's objections.[2]

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court

---

[2]These issue are attached to the form petition as exhibit two and are the issues that respondent has chosen to address in the response. It appears that petitioner attached exhibit 2, which petitioner describes as the table of contents from appellate briefs filed by assigned counsel, to establish that petitioner attempted to represent himself at trial. All of the issues will be addressed in the Report and Recommendation. Some of the claims present the same issue and will be addressed together. See form petition at page 1.

is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Petitioner's denial of an open hearing and preliminary examination issues were rejected by the Michigan Court of Appeals. The court explained the issue:

> The lower court docket sheets indicate that on August 21, 2001, a miscellaneous hearing or conference took place in judicial chambers concerning a motion to remand the case to the district court to add the home invasion charge. There is no transcript of this hearing in the record, nor could the motion itself be found. In defendant's Standard 11 brief, Mr. Branham admits that he and counsel were present at the in-chambers hearing. The record contains a circuit court order, dated August 24, 2001, remanding the case back to the district court for consideration of the crime of home invasion, and the order reflects that the preliminary examination on home invasion shall be made by review of the original preliminary examination transcript. On September 13, 2001, a hearing was conducted in the district court, in which the court noted that it had reviewed the July 13, 2000, preliminary exam transcript and found sufficient evidence to bind defendant over on the charge of home invasion.

The Michigan Court Appeals explained that it was unable to determine whether any error occurred. However, if error did occur, the error was harmless because petitioner was convicted of home invasion at trial and there existed sufficient evidence to support the conviction.

More importantly, petitioner has not shown any violation of clearly established federal law. No constitutional right to a preliminary examination exists. *Gerstein v. Pugh*, 420 U.S. 103 (1975). Although, the United State Supreme Court held that the Fourth Amendment required a timely judicial determination of probable cause prior to detention, the Court stated "an illegal arrest or detention does not void a subsequent conviction." *Id.* at 119. The Court explained that "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id.* It is therefore recommended that petitioner's claim regarding the denial of an open hearing and his preliminary examination claim be dismissed as failing to assert a constitutional claim.

Petitioner asserts a claim of prosecutorial misconduct. The Michigan Court of Appeals rejected this claim stating;

> Defendant argues, pro se, that the prosecutor committed misconduct where he told the jury that the victim was a slow learner, and where the prosecutor questioned a prospective juror during voir dire, who was formerly a campaign manager for the prosecutor. Defendant also argues that the prosecutor did not make a good faith effort to produce witnesses.
>
> The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial when examining the prosecutor's statements in context. *People v. Watson*, 245 Mich. app. 572, 586; 629 NW2d 411 (2001). With respect to the statement concerning the victim, we fail to see any prejudice to defendant, nor was defendant denied a fair trial when examining the statement in context. Moreover, defendant fails to assert that the statement was not reasonably adduced from the evidence. With regard to the prospective juror who was formerly the prosecutor's campaign manager, the individual was only asked a few general questions and after she identified the relationship with the prosecutor, defendant exercised a peremptory challenge and the prospective juror was released. There was no prejudice to defendant; he was not denied a fair and impartial trial because of questioning. Finally, with respect to producing witnesses, defendant fails to cite any request to produce a particular witness, and fails on appeal to identify any prospective witnesses that should have been produced. This argument is effectively waived.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d

1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that he received ineffective assistance of counsel. The Michigan Court of Appeals rejected petitioner's claims stating:

> Assuming counsel was ineffective in failing to preserve defendant's asserted right to a full preliminary examination, there was not a reasonable probability that, but for counsel's error, defendant would have been acquitted. Defendant was not prejudiced. Assuming that evidence had been presented at a full preliminary examination showing that defendant had a key and paid rent, there still would have been contradictory evidence and evidence supporting a bind-over on the home invasion charge. Additionally, as noted above, defendant did not present any evidence of a key and rent at trial. Moreover, there was overwhelming evidence presented at trial supporting defendant's home invasion conviction. . . .
>
> Counsel's appellate brief raised arguably meritorious claims, and any issues concerning speedy trial and prosecutorial misconduct raised by defendant pro se are devoid of any merit. . . . As to the alleged records showing that defendant paid rent and utilities, the supporting attachments to the Standard 11 brief do not in fact support that conclusion. With regard to the remaining issues, they are either insufficiently briefed in a manner that would allow us to properly address them, irrelevant, or do not support a different outcome of this appeal.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319

- 7 -

(6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner has failed to show that his counsel committed any constitutional error that requires this court to intervene and grant the petition. Petitioner has not established that the Michigan Court of Appeals' decision rejecting his claims of ineffective assistance of counsel resulted in an unreasonable decision.

Petitioner challenges his sentence asserting that the guidelines were incorrectly scored and that the pre-sentence report was improper. The Michigan Court of Appeals rejected this claim by finding that petitioner failed to show irregularities in the pre-sentence report. Petitioner's claim relies entirely on state law and fails to assert a constitutional right. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed.

Petitioner argues that his Speedy Trial rights were violated. Four factors must be balanced to determine whether a delay is unconstitutional: length of delay, reason for the delay, criminal defendant's assertion of the right to a speedy trial, and prejudice resulting from the delay. *United States v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999). The Michigan Court of Appeals explained why this issue lacks merit;

> Here, we initially note that the length of time between the crime and trial was less than eighteen months (June 30, 2000 to November 20, 2001), and we find no prejudice to defendant because of the delay, where there was strong evidence of guilt untainted by any delay, and where the delay did not hinder any defense. Additionally, any delay can be attributed almost entirely to defendant in light of his request to discharge previously appointed attorneys, and his motion for referral to the Center for Forensic Psychiatry, which initially was made in November 2000 and not resolved with a finding of competency until July 2001. There simply is no basis for defendant's claim that he was denied his right to a speedy trial.

It is clear that petitioner's speedy trial rights were not violated. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result

in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that his Sixth Amendment rights were violated when the court ignored his requests to represent himself. Petitioner claims that the court forced attorney Terrence P. Houlahan to represent petitioner. Attorney Houlahan was the third attorney the court appointed to represent petitioner. The Michigan Court of Appeals concluded:

> Here, there was no clear consistent unequivocal request by defendant to represent himself. There are two letters contained in the lower court file addressed to the trial court several months before trial, which provided that defendant planned on representing himself. Subsequently, however, at the abbreviated preliminary examination conducted on September 13, 2001, defendant stated that Houlahan was not his attorney, and that 'I need an attorney to represent me.' At that time, there was no request for self-representation. At trial, Mr. Branham made assertions that trial counsel was ineffective, did not prepare, and was working in collusion with the prosecutor. [FN: Defendant made similar comments about the previous two attorneys who had been appointed to represent him, and the court allowed those attorneys to be released.] However, there was no request for self-representation. The trial judge, addressing Mr. Branham's concerns, stated that attorney Houlahan had previously argued cases before the judge, and the judge believed him to be competent and that he would present a vigorous defense for defendant. Houlahan also indicated that he would present a vigorous defense, and the trial court ordered the case to proceed, at which point defendant told the judge, "it's up to you." We do not find that defendant unequivocally invoked his right to self representation, and thus he was not denied his right to represent himself.

In *Faretta v. California*, 422 U.S. 806 (1975), the United States Supreme Court held that a criminal defendant has the right to conduct his own defense at trial. The Court stated:

> It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of "that respect for the

> individual which is the lifeblood of the law." *Illinois v. Allen*, 397 U.S. 337, 350-351, 90 S.Ct. 1057, 1064, 25 L.Ed.2d 353.

*Id.* at 834.

The Court held that a criminal defendant must knowingly and intelligently forgo his right to counsel. The Court stated:

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. *Johnson v. Zerbst*, 304 U.S., at 464-465, 58 S.Ct., at 1023. *Cf. Von Moltke v. Gillies*, 332 U.S. 708, 723-724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S., at 279, 63 S.Ct., at 242.
>
> Here, weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge had warned Faretta that he thought it was a mistake not to accept the assistance of counsel, and that Faretta would be required to follow all the "ground rules" of trial procedure. We need make no assessment of how well or poorly Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.

*Id.* at 835-836.

More recently, in *Martinez v. Court of Appeal of California*, 528 U.S. 152 (2000), the United States Supreme Court held that a defendant does not have the right to represent himself

- 11 -

during his appeal if the state appointed counsel for the defendant. The Court noted that the *Faretta* decision did not recognize the right of self-representation as absolute.

> The defendant must "voluntarily and intelligently" elect to conduct his own defense, and most courts require him to do so in a timely manner. He must first be "made aware of the dangers and disadvantages of self-representation." A trial judge may also terminate self-representation or appoint "stand-by counsel"--even over the defendant's objection--if necessary. . . . Even at the trial level, therefore, the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.

*Id.* at 161-162.

The Sixth Circuit, on almost identical facts, rejected a petitioner's claim for self-representation, distinguishing *Faretta*. In *Robards v. Rees*, 789 F.2d 379 (6th Cir. 1986), petitioner on the day of trial, after the clerk had called the roll of jurors, asked for an adjournment and that his attorney be dismissed. The court denied petitioner's request. However, petitioner insisted that his attorney should be dismissed and that petitioner should be allowed to represent himself. After a hearing was held outside the presence of the jury, the court denied petitioner's request again. On appeal of the denial of his petition for writ of habeas corpus, the Sixth Circuit held that no constitutional right of petitioner was denied. The court distinguished *Faretta*, where the defendant clearly and unequivocally stated weeks before trial that he wanted to represent himself and did not want his present counsel. The court noted that petitioner invoked his right of self-representation on the day of trial after the clerk had called the roll of jurors and that petitioner admitted that his counsel had made three trips to visit him in prison. Further, there had been no complaints by petitioner prior to the day of trial. The court noted that if petitioner's request was honored, it would delay the commencement of trial because the court would have been obliged to postpone the trial to allow the

petitioner time to prepare his defense. As a result, the denial of self-representation was not an abuse of discretion and did not violate any of petitioner's constitutional rights.

Petitioner has failed to show that he made an unequivocal request to represent himself. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that his due process rights were violated when the trial court refused to instruct the jury as to a lesser included offense of breaking and entering without permission. The Michigan Court of Appeals concluded that the first degree home invasion charge included the factually disputed element of "assault with a dangerous weapon" which is not included as an element in the misdemeanor of breaking and entering without permission. Since there existed overwhelming evidence that petitioner committed the assault, the court concluded that it was not error for the trial court to fail to instruct on the lesser offense of breaking and entering without permission. Moreover, the court noted that the jury refused to convict petitioner of simple assault and battery and instead convicted him of the greater offense of felonious assault. In *Beck v. Alabama*, 447 U.S. 625 (1980), the Supreme Court held that a death sentence was unconstitutional where the jury was never instructed on a lesser included noncapital offense where the evidence supported such a verdict. The Court concluded:

> While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard. That safeguard would seem to be especially important in a case such as this. For when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense – but leaves some

> doubt with respect to an element that would justify conviction of a capital offense – the failure to give the jury the "third option" of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction.
>
> Such a risk cannot be tolerated in a case in which the defendant's life is at stake. As we have often stated there is a significant constitutional difference between the death penalty and lesser punishments.

*Id.* at 637. The Supreme Court left open the question whether the Due Process Clause is violated when a lesser included offense is omitted from jury consideration in a noncapital case. *Id.* at 638 n. 14. Accordingly, petitioner cannot show that the Michigan Court of Appeals' decision was an unreasonable interpretation of the law as established by the Supreme Court.

Petitioner asserts that he was denied the right to appeal his conviction. All of the issues presented by petitioner and his counsel were addressed by the Michigan appellate courts. Petitioner has failed to show that he was denied appellate rights.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner failed to show that he was denied any constitutional right as a result of his preliminary examination on the home invasion conviction. Petitioner failed to show a violation of his constitutional rights through prosecutorial misconduct, or ineffective assistance of counsel. Similarly, petitioner failed to show a denial of his Speedy Trial rights, his appellate rights, or his right to represent himself. Similarly, the court did not err by failing to instruct on a lesser included offense or in sentencing petitioner. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: November 28, 2005