UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RODNEY BRANHAM,

        Petitioner,

v.

PATRICIA CARUSO,

        Respondent.
_____/

Case No. 2:03-CV-222

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Petitioner Rodney Branham's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of November 28, 2005. Said Report recommended dismissal of Petitioner's habeas petition without hearing.[1] This Court reviews the Objections, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

**BACKGROUND**

This habeas matter concerns Petitioner's 2001 jury convictions and sentences for first degree home invasion and assault with a dangerous weapon. Petitioner was sentenced as a third habitual offender (under Mich. Comp. Laws § 769.11) to 20 to 40 years imprisonment on the home invasion conviction and three years and seven months to eight years imprisonment as to the assault

---

[1] Under Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the district court must determine whether to conduct an evidentiary hearing as to the petition after examining the record. This determination is a discretionary one. *See Harris v. Bell*, 417 F.3d 631, 635 (6th Cir. 2005). However, given the presumption of correctness attaching to the state court findings under 28 U.S.C. § 2254 and the difficulty of rebutting such presumption, evidentiary hearings are often unnecessary, as in this case. *See also Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003).

conviction. (*See* Sentencing Tr. 16-17.) The convictions and sentences were based on testimony from his estranged wife that Petitioner broke into her residence (through her bedroom window) and assaulted her with a kitchen knife when she demanded that he leave.

As discussed in the Report, Petitioner raised six issues in his Petition and five others in his attached briefing. Petitioner has now filed Objections, which assert ten numbered arguments. These numbered arguments expand upon the grounds previously discussed in the Report.

**LEGAL ANALYSIS**

Habeas relief, since 1996, has been limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.,* which provisions are applicable to this case.

AEDPA provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As reflected in the statutory language, there are three avenues for habeas relief: (1) for decisions "contrary" to federal law; (2) for an "unreasonable application" of federal law; and (3) for an "unreasonable determination of the facts." Under the case law of the United States Supreme Court and the Sixth Circuit Court of Appeals, a state court decision is "contrary to" federal law only

when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000); *see also Biros v. Bagley*, 422 F.3d 379, 386 (6th Cir. 2005) (following *Williams*). A state court decision is an "unreasonable application" of federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Bugh v. Mitchell,* 329 F.3d 496, 500 (6th Cir. 2003); *Biros*, 422 F.3d at 386.

### LEGAL ANALYSIS

Petitioner's first numbered objection asserts the time that he received the Report and Recommendation from prison staff. This assertion is unnecessary to the present analysis because the Court in conducting this analysis has determined from the record that Petitioner's Objections were filed timely–indeed they were submitted early considering the "prisoner mail box rule" established by *Houston v. Lack*, 487 U.S. 266, 271-72 (1988).

Several of Petitioner's other objections relate to the chambers conference held on August 21, 2001 before the St. Clair County Circuit Court. The chambers conference went unrecorded. It resulted in an order that avoided a second preliminary examination on the home invasion charge by agreement that, upon remand to the District Court, the District Court would instead review the previous preliminary examination transcript to determine the sufficiency of the evidence as to the

home invasion charge. (*See* Case Register 2, noting chambers conference and Aug. 27, 2001 remand order.) The District Court then determined on September 13, 2001 that there was sufficient evidence to support trial on the charge based on the previous preliminary examination testimony. (Sept. 13, 2001 Hearing Tr. 1 & 9.) Petitioner argues that his constitutional rights were violated because the chambers conference was not in public and went unrecorded.

A criminal defendant does have a Sixth Amendment right to a public trial. This right has been extended by the Supreme Court to cover a suppression hearing before trial. *See Waller v. Georgia,* 467 U.S. 39, 49 n.9 (1984). However, the Supreme Court has never stated or implied that a brief chambers conference on a matter of procedure pertaining to a preliminary examination constitutes a violation of the Sixth Amendment. The Supreme Court is decidedly unlikely to do so for several reasons. First, there is no constitutional right to the preliminary examination itself. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Second, the Circuit Court case law about such conferences and other minimal deviations from public trial proceedings is in agreement that such matters are "trivial" and do not support an application of the *Waller* rule–that a "closed trial" is a *per se* violation of the Sixth Amendment unless the closure is justified by the standards set forth in *Press-Enterprise Co v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501 (1984). *See Carson v. Fischer*, 421 F.3d 83, 88, 92-93 (2d Cir. 2005) (citing *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991), *Peterson v. Williams*, 85 F.3d 39 (2d Cir. 1996) and *Braun v. Powell*, 227 F.3d 908, 919 (7th Cir. 2000)); *United States v. Edwards*, 303 F.3d 606, 616 (5th Cir. 2002) (citing *United States v. Norris*, 780 F.2d 1207, 1210-11 (5th Cir. 1986)); *United States v. Al-Smadi*, 15 F.3d 153, 154-55 (10th Cir. 1994); *see also Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 598 n.23 (1982) (Brennan, J., concurring) (stating that the First Amendment right to a public trial does not prevent

4

chambers conferences). Furthermore, as indicated by the Michigan Court of Appeals, the decision to conduct a chambers conference, if it was error, was a harmless error especially considering the subsequent trial proofs. The Court finds that the conducting of this chambers conference did not implicate Petitioner's right to a public trial.

Regarding the failure to record the chambers conference, it is true that the procedural proceedings before trial must be recorded sufficiently to permit challenge on appeal under the Due Process Clause. *See Scott v. Elo*, 302 F.3d 598, 604 (2002) (citing *Mayer v. Chicago*, 404 U.S. 189 (1971)). However, this kind of challenge is subject to a harmless error analysis. *Id.* (citing *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986)). As indicated above, the failure to record a conference which was documented by court minutes and a court order and which, at worst resulted in the loss of repetitive testimony to further document probable cause as to a trial in which there was evidence beyond a reasonable doubt, was harmless indeed.

Petitioner has further objected that the Magistrate Judge failed to consider whether the prosecutor had committed misconduct by not producing witnesses. Although prosecutorial misconduct may give rise to a due process violation, *see Smith v. Phillips*, 455 U.S. 209, 212 (1982), the Magistrate Judge properly concluded that the present record does not disclose any such prosecutorial misconduct. The argument was also effectively waived on appeal (as stated on page 6 of the Report).

Petitioner also charges that the Magistrate Judge ignored Petitioner's argument that appellate counsel was ineffective. This argument was made in appendix 6 to the Petition. (Petition, Appx. 6, at 11-14.) Petitioner's unsubstantiated argument is that appellate counsel was "collusive" and

5

was following the directions of the prosecutor and the trial judge in failing to assert effective arguments on his behalf on appeal. This conclusory argument fails to specify any effective argument which should have been raised on appeal and the non-consideration of which has prejudiced Petitioner.[2] Given the strong presumption of effective representation, *Strickland v. Washington,* 466 U.S. 668, 689 (1984), and given that Petitioner bears the burden of rebutting the presumption of effective representation by making a specific showing of ineffective assistance, *Tyler v. Mitchell*, 416 F.3d 500, 502 (6th Cir. 2005), Petitioner has failed to show either ineffective representation of appellate counsel or prejudice.

Petitioner also argues that the Respondent has somehow "defaulted" in failing to respond to some of the myriad of undisciplined arguments raised. A like argument was rejected by the Sixth Circuit in *Allen v. Perini*, 424 F. 134, 138 (6th Cir. 1970), which remains the law of this Circuit. Furthermore, this argument is baseless in that Respondent has effectively responded and countered Petitioner's arguments in her Response. (*See* Dkt. No. 50.)

All other arguments made in the Objections were effectively refuted in the Report and will not be repeated here. Petitioner has simply not shown any entitlement to relief under the AEDPA standards as to any of the eleven issues discussed in the Report, nor the additional issues raised in the Objections. Therefore, this Petition will be dismissed as without merit.

---

[2]Petitioner does give examples like filing appellate transcripts late, failing to secure a settled statement as to the content of the chamber conference hearing, failing to request oral argument, and like matters. None of these complaints remotely demonstrate any prejudice to Petitioner.

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.

This Court has reviewed the grounds asserted individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon such review, the Court determines that this standard is not met as to any of the claims for relief asserted because there is no sufficient factual basis for the claims asserted and case law of the Supreme Court, the Sixth Circuit and other Circuits forbids relief. Therefore, a certificate will be denied.

**CONCLUSION**

A Final Order shall enter denying relief, adopting the Report and Recommendation, dismissing the Petition with prejudice, and denying a certificate of appealability.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 6, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |