UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RODNEY BRANHAM,

      Petitioner,

Case No. 2:03-CV-222

v.

Hon. Richard Alan Enslen

PATRICIA CARUSO,

**ORDER**

      Respondent.
_____/

Petitioner Rodney Branham has moved for reconsideration of the Final Order issued in this matter, which denied his Petition pursuant to 28 U.S.C. § 2254. Upon review, the Court determines that it can be promptly resolved without oral argument.

Under W.D. Mich. L.Civ. R. 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof." Petitioner's Motion fails to meet this standard and those pertinent under Federal Rules of Civil Procedure 59 and 60.

Petitioner argues that the Rule 7.4(a) standard are met because the Respondent has failed to file and serve upon him a sufficient record of the state proceedings and this error, if corrected, would show his entitlement to habeas relief. This is an interesting argument, though not prevailing. None too much has been written about the requirement of Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's argument that portions of the relevant trial transcripts were not "attached" to the Answer as directed by Rule 5 is not persuasive in and of itself. Given the length of the pertinent Rule 5 materials in most habeas cases (several file folders), it is physically unmanageable and unnecessary to "attach" them to a single document. However, this argument is

nevertheless important because Respondent both failed to attach the transcripts to the Answer and failed to serve copies of the transcripts and other Rule 5 materials on Petitioner. Respondent filed Rule 5 materials and summarized them in its Answer, which was sent to Petitioner. Dkt. No. 51. Respondent's proof of service indicates that while Rule 5 materials were filed, counsel did not send copies of all Rule 5 materials to Petitioner. Dkt. No. 40. Petitioner later moved for an order requiring service of all Rule 5 materials, which motion was denied by the Magistrate Judge. Dkt. Nos. 55 & 77.

This scenario means that Respondent has not fully complied with the technical requirements of Rule 5. Both the language of the Rule and of the 1976 Advisory Committee Adoption Notes indicate in general terms that pertinent transcripts are to be both filed with the Court and served upon Petitioner. This is especially so now since Rule 5(e) was amended in 2004 to permit routine replies. The habeas rules (Rule 12) also incorporate by reference Federal Rules of Civil Procedure Rules 5(a) and 12(a), which require service of the Rule 5 materials. *Pindale v. Nunn*, 248 F. Supp.2d 361, 366-67 (D. N.J. 2003). Not only the *Pindale* decision, but also the Fourth Circuit's recent decision in *Thompson v. Greene*, 427 F.3d 263, 270 (4th Cir. 2005) and the Eastern District of Wisconsin's decision in *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996) require that pertinent Rule 5 materials be served upon Petitioner at the time of the service of the Answer. This appears to be the majority position and the recommended position of knowledgeable commentators. *See Thompson*, 427 F.3d at 270 (citing commentaries). Further, the Sixth Circuit Court of Appeals has held that a Rule 5 failure to attach justified a remand to determine the proper application of the one-year limitation period. *Griffin v. Rogers*, 308 F.3d 647, 654-55 (6th Cir. 2002).

While it appears here that Respondent has technically violated Rule 5, it does not appear that such violation has prejudiced the determination of the Petition. This is not a case, such as *Griffin*,

wherein unfiled materials are likely to answer a key factual and legal question. Rather, in this instance, the substance of the Rule 5 materials (which were properly filed, but not served) were known to Petitioner from his participation in the state court proceedings and were sufficiently summarized by Respondent in the Answer. Notwithstanding Petitioner's characterizations of the state court record (which characterizations often misconstrue the record), this Court can discern no prejudice to Petitioner from the non-compliance. The state court transcripts and record only confirm the propriety of the state court conviction and sentence. As such, relief will be denied, except that the Court will require Respondent's counsel to either serve the Rule 5 materials and file proof of service showing service of the same or show cause in writing as to why service is unnecessary.[1] For these reasons and those explained in the Opinion of January 6, 2006 and Report and Recommendation of November 28, 2005;

**IT IS HEREBY ORDERED** that Petitioner Rodney Branham's Motion for Reconsideration (Dkt. No. 99) is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent, through counsel, shall either serve all Rule 5 materials and file a proof of service showing service of the same or show cause why such is unnecessary within 14 days of this Order.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>  February 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] The purpose of such belated compliance is to allow Petitioner to file an appropriate motion under *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345-46 (6th Cir. 1976) should his review of the Rule 5 materials persuade him that such a motion is likely to succeed. The Court, while willing to entertain such motion, certainly does not invite one, because it has no reason to believe that such a motion would be meritorious.